IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JARVELL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-107 |
| | ) | |
| JUDGE WILLIAM DENNIS TREY TAYLOR III; SARAH HARPER, Staff Attorney; JUDGE R. STAN BAKER; JOHN TRIPLETT, Clerk of Court; WARDEN ERIC COX; HOWARD KAUFOLD, Dodge County Judge; MARLAN ELLER, Dodge County Attorney; MICHAEL THOMAS, Warden; KAREN THOMAS, Dep. Warden Security; JOCELYN POWELL, Lt.; and FARROW, Lt., | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Dodge State Prison in Chester, Georgia, brought the above-captioned civil case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*.

### I. PAYMENT OF INITIAL PARTIAL FILING FEE

On December 4, 2025, the Court directed Plaintiff to pay an initial partial filing fee of $2.83 within thirty days of the date of the Order and advised him that all prisoners, even those proceeding *in forma pauperis*, must pay the filing fee of $350.00 in full. See 28 U.S.C. § 1915(b)(1). The time for responding to the Court's December 4th Order has now expired,

yet Plaintiff has failed to pay the assessed initial partial filing fee as required by the relevant provisions of the United States Code.

Under the Prison Litigation Reform Act ("PLRA"), prisoners granted *in forma pauperis* status must, when funds are available, prepay at least a partial filing fee. 28 U.S.C. § 1915(b)(1)-(2). Courts may not except indigent prisoners from prepaying this partial filing fee. See id.; see also Rivera v. Allin, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); Martin v. United States, 96 F.3d 853, 856 (7th Cir. 1996) (insisting, whenever feasible, on payment in advance of initial filing fee in every civil action covered by the PLRA). Thus, Plaintiff shall have fourteen days from the date of this Order to inform the Court of his intentions regarding this case by complying with the Court's Order directing payment of an initial filing fee of $2.83 or by showing the Court why he has not complied with the Order directing the payment. The **CLERK** is **DIRECTED** to immediately inform the Court of any payment of the initial filing fee which is received from Plaintiff.

If Plaintiff notifies the Court that he has decided not to pursue his case and wishes to voluntarily dismiss his complaint at this time, then the case will not count as a "strike" which may later subject Plaintiff to the three-strike dismissal rule under 28 U.S.C. § 1915(g). It is important that Plaintiff communicate with the Court.

## II.   PLAINTIFF'S AMENDED COMPLAINT

On November 7, 2025, the Court ordered Plaintiff to amend his complaint to correct certain pleading deficiencies. (Doc. no. 4, pp. 4-7.) In response, the Court received two amended complaints, one dated November 20, 2025, and the other dated November 25, 2025, which were filed together as a single docket entry. (See doc. no. 8.) The amended complaint

dated November 20th contains only two incomplete sentences under the section inquiring into Plaintiff's statement of claim. (Id. at 5.) In contrast, the amended complaint dated November 25th contains a paragraph statement of claim that includes more factual detail. (See id. at 13-18.)

Accordingly, the Court accepts the amended complaint dated November 25th as the operative complaint. This complaint contains more factual detail and was signed by Plaintiff most recently. (See generally id.) The Court **DIRECTS** the **CLERK** to file the November 25th amended complaint, (doc. no. 8, pp. 13-18), as a standalone entry on the docket. The Court will screen the November 25th amended complaint in the ordinary course of business.

SO ORDERED this 12th day of January, 2026, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA