IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JARVELL SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 325-107 |
| ) | |
| JUDGE WILLIAM DENNIS TREY ) | |
| TAYLOR III; SARAH HARPER, Staff ) | |
| Attorney; JUDGE R. STAN BAKER; JOHN ) | |
| TRIPLETT, Clerk of Court; WARDEN ) | |
| ERIC COX; HOWARD KAUFOLD, Dodge ) | |
| County Judge; MARLAN ELLER, Dodge ) | |
| County Attorney; MICHAEL THOMAS, ) | |
| Warden; KAREN THOMAS, Dep. Warden ) | |
| Security; JOCELYN POWELL, Lt.; and ) | |
| FARROW, Lt., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Dodge State Prison in Chester, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's second amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.     **SCREENING THE SECOND AMENDED COMPLAINT**

   A.     **BACKGROUND**

In his second amended complaint, Plaintiff names as Defendants: (1) Warden Eric Cox, (2) Judge William Dennis Trey Taylor III, (3) Sarah Harper, (4) Judge R. Stan Baker, (5) John

Triplett, (6) Howard Kaufold, and (7) Marlan Eller.  (Doc. no. 10, pp. 1, 4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 19, 2025, between 8:30 P.M. to 9:20 P.M., Blood Gang Members viciously attacked Plaintiff by stabbing him "numerous times in the arms, back region, and abdomen." (Id. at 5.)  Forty-eight hours later, officers noticed Plaintiff's injuries but treated him as if he was responsible for the stabbing by sending him to segregation for forty days.  (Id.)  Karen Thomas and Defendant Cox witnessed Plaintiff's wounds following the attack.  (Id.)  No correctional officers were present or in the booth at the time of the attack.  (Id.)  Plaintiff filed a grievance about the incident, but he did not get a response even though Lt. Powell received the grievance.  (Id.)

Since the attack, Plaintiff's blood sugar level has been continuously unstable.  (Id.)  He also struggles to use the "basic motor skills" in his arms and stand for long periods of time. (Id.)  For relief, Plaintiff seeks $30 million in damages, and "if compensation can be negotiated," he seeks "immediate release with the remainder of [his] sentence on probation." (Id. at 6.)

**B.   DISCUSSION**

**1.   Legal Standard for Screening**

The second amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Michael Thomas, Karen Thomas, Powell, and Farrow

Plaintiff fails to state a claim against Warden Michael Thomas, Deputy Warden Karen Thomas, Lt. Jocelyn Powell, and Lt. Farrow. As described in the Court's January 12, 2026 Order, the Court received two separate amended complaints from Plaintiff, one dated November 20, 2025, and the other dated November 25, 2025, which were filed together as a single docket entry. (Doc. no. 9; see also doc. no. 8.) Accordingly, the Court accepted the amended complaint dated November 25th as the operative complaint. (Doc. no. 9, p. 2.)

The second amended complaint supersedes and replaces in its entirety the previous complaints filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). While Plaintiff names Michael Thomas, Karen Thomas, Jocelyn Powell, and Farrow as Defendants in the November 20th first amended complaint, (doc. no. 8, pp. 2-3), he does not name these Defendants in the caption of his second amended complaint, or in the section asking him to name Defendants, (see generally doc. no. 10.) He further does not name Michael Thomas or Farrow in any other portion of the second amended complaint. (See id.) He does, however, briefly mention Karen Thomas and Powell in the statement of claim section in his second amended complaint. (Doc. no. 10, p. 5.) However, these allegations are insufficient to state a claim because Plaintiff does not connect either individual's conduct to a legal wrong. Plaintiff simply claims Powell received his grievance about the attack, and Karen Thomas witnessed his wounds. (Id.) Plaintiff does not elaborate on how either Lt. Powell's receipt of his grievance or Karen Thomas's observation of his injuries rises to the level of a constitutional violation, and thus he fails to connect either individual with any acts or omissions regarding his claims.

Accordingly, Plaintiff does not connect Michael Thomas, Karen Thomas, Jocelyn Powell, and Farrow with a purported constitutional violation. Dismissal is therefore appropriate. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, Michael Thomas, Karen Thomas, Jocelyn Powell, and Farrow should be dismissed.

### 3. Plaintiff Fails to State a Claim Against Defendants Cox, Taylor, Harper, Baker, Triplett, Kaufold, and Eller

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas, 535 F.3d at 1321-22 ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Taylor, Harper, Baker, Triplett, Kaufold, and Eller in the caption of his complaint, Plaintiff does not mention them anywhere in the statement of his claim nor does he make any allegations associating these Defendants with any purported constitutional violations. (See generally doc. no. 10.) Dismissal of these six Defendants is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Furthermore, although Plaintiff cursorily mentions Defendant Cox in his statement of claim, he fails to state a claim against this Defendant because he does not connect Defendant Cox's conduct to a legal wrong. (Doc. no. 10, p. 5.) Plaintiff merely alleges Defendant Cox observed

5

his injuries. (Id.) He does not allege any act or omission on the part of Defendant Cox such that the Court could conclude Defendant Cox's conduct violated Plaintiff's constitutional rights. (See generally id.) Accordingly, he also fails to state a claim against this Defendant.

Additionally, to the extent Plaintiff names Defendant Cox by virtue of his supervisory position as Warden, he fails to state a claim against him. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Cox liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely provides Defendant Cox is a Warden, and he observed Plaintiff's injuries after the attack. (Doc. no. 10, p. 5.) However, he does not allege Defendant Cox participated in any alleged violations. Therefore, Plaintiff must allege a causal connection between

6

Defendant Cox and the asserted constitutional violations in order to hold him liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the requisite causal connection to hold Defendant Cox liable. Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at Dodge State Prison, (2) an improper custom or policy put in place by this Defendant regarding treatment of inmates, or (3) an inference this Defendant directed prison employees to act, or knew they would act, unlawfully. Indeed, as already explained above, Plaintiff only alleges Defendant Cox saw his wounds in his statement of the claim. In sum, Plaintiff has not shown Defendant Cox actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional

violation. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Cox for this reason as well.

II.     **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA