IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JARVELL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-107 |
| | ) | |
| JUDGE WILLIAM DENNIS TREY | ) | |
| TAYLOR III; SARAH HARPER, Staff | ) | |
| Attorney; JUDGE R. STAN BAKER; JOHN | ) | |
| TRIPLETT, Clerk of Court; WARDEN | ) | |
| ERIC COX; HOWARD KAUFOLD, Dodge | ) | |
| County Judge; MARLAN ELLER, Dodge | ) | |
| County Attorney; MICHAEL THOMAS, | ) | |
| Warden; KAREN THOMAS, Dep. Warden | ) | |
| Security; JOCELYN POWELL, Lt.; and | ) | |
| FARROW, Lt., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff filed the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, the Court screened his second amended complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a Report and Recommendation ("R&R") issued on February 9, 2026, the Court recommended the case be dismissed because Plaintiff failed to state a claim upon which relief can be granted. (Doc. no. 11.)

In response to the Court's R&R, Plaintiff filed objections and a "Motion for Enlargement of Time to Correct Deficiencies and Errors in Amended Complaint," in which he requests leave to correct the "insufficient allegations" in his second amended complaint. (Doc. no. 17.) He simultaneously filed his third amended complaint. (Doc. no. 16.) Although leave to amend under

Fed. R. Civ. P. 15(a) is generally given freely, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." <u>Reese v. Herbert</u>, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." <u>Saewitz v. Lexington Ins. Co.</u>, 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting <u>Foman</u>, 371 U.S. at 182). Here, as no Defendant has been served, let alone filed an answer, the Court finds no reason to deny the request to amend at this early stage of the case.

Accordingly, the Court **GRANTS** the motion, (doc. no. 17), and accepts the third amended complaint, which the Clerk of Court filed without awaiting a ruling from the Court, as the operative pleading. (<u>See</u> doc. no. 16.) Because the Court accepts the third amended complaint as the operative pleading, the Court **VACATES** the February 9th R&R. (Doc. no. 11.) The Court will screen Plaintiff's third amended complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A in due course.

SO ORDERED this 12th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2