IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JARVELL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-107 |
| | ) | |
| JUDGE WILLIAM DENNIS TREY | ) | |
| TAYLOR III; SARAH HARPER, Staff | ) | |
| Attorney; JUDGE R. STAN BAKER; JOHN | ) | |
| E. TRIPLETT, Clerk of Court; ERIC COX, | ) | |
| Warden; HOWARD KAUFOLD, Dodge | ) | |
| County Judge; MARLAN ELLER, Dodge | ) | |
| County Attorney; MICHAEL THOMAS, | ) | |
| Warden; KAREN THOMAS, Dep. Warden | ) | |
| Security; JOCELYN POWELL, Lt.; and | ) | |
| FARROW, Lt., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 22.) Plaintiff objects to the Magistrate Judge's conclusions that he fails to state (1) a failure to protect claim against Defendants Lt. Powell and Lt. Farrow and (2) a medical deliberate indifference claim against any Defendant. (See id.) He also submitted a fourth amended complaint with his objections. (Doc. no. 23.) For the below reasons, Plaintiff's fourth amended complaint is procedurally improper, and his objections are unavailing.

As an initial matter, the fourth amended complaint submitted alongside Plaintiff's objections is not operative. Under Federal Rule of Civil Procedure 15(a), Plaintiff may amend his complaint once as a matter of course. However, after the first amendment as of right, Plaintiff may amend only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff already availed himself of the option to amend his complaint once as a matter of course when he filed his first amended complaint on December 4, 2025.[1] (See doc. nos. 1, 8.) Thus, he may now only amend with the Court's leave, as the opposing parties have not yet been served. However, Plaintiff did not file a motion to amend and has not obtained the Court's leave to amend. He instead simply submitted a fourth amended complaint without an accompanying motion. (See doc. no. 23.) Therefore, his attempt to amend is improper, and the operative pleading in this case remains Plaintiff's third amended complaint, (doc. no. 16), which has already been screened, (doc. nos. 19-21).

Turning to Plaintiff's objections, Plaintiff objects to the dismissal of his failure to protect claims against Defendants Lt. Powell and Lt. Farrow because he argues he can show through discovery that Lt. Powell and Lt. Farrow "knew of the problem of failure to assign officers to the dorms" and of the substantial violence in the facility. (Doc. no. 22, p. 1.) Plaintiff's argument in his objections misses the mark. The Magistrate Judge determined Plaintiff failed to state a claim against these two Defendants because he did not differentiate either Defendant from one another in the third amended complaint, and thus his allegations

---

[1] Plaintiff actually submitted two separate complaints dated five days apart, which were filed together as a single docket entry. (See doc. no. 8.) The Magistrate Judge thus directed the Clerk to file the most recently dated amended complaint as a standalone entry on the docket, (doc. no. 9, pp. 2-3), which was docketed as Plaintiff's second amended complaint, (doc. no. 10).

2

referring broadly to "LTs" were too vague to establish either Defendant was criminally reckless to sustain a failure to protect claim. (Doc. no. 19, pp. 7-8.) That Plaintiff can later show through discovery that these individuals had the requisite subjective knowledge does not alter the Magistrate Judge's conclusion that Plaintiff fails to state a claim against either Defendant in the operative third amended complaint for the reasons identified by the Magistrate Judge.

Further, should Plaintiff ultimately obtain discovery uncovering these individuals' specific involvement in the events underlying his failure to protect claim, Plaintiff may file a motion to amend to add Lt. Powell and/or Lt. Farrow in accordance with the operative scheduling notice.[2] Moreover, although the fourth amended complaint is not operative as explained above, the allegations concerning Lt. Powell and Lt. Farrow in this pleading still suffer from the same deficiencies, i.e., Plaintiff does not distinguish between either Defendant and fails to establish the subjective element of a failure to protect claim. (Doc. no. 23, p. 2.) For these reasons, Plaintiff's objections concerning the failure to protect claim against Lt. Powell and Lt. Farrow lack merit.

Next, Plaintiff argues he can state a medical deliberate indifference claim against Defendants Michael Thomas, Karen Thomas, Lt. Powell, and Lt. Farrow because these Defendants each saw his injuries but did not immediately request medical attention, nor did they investigate the source of the injuries. (Doc. no. 22, p. 1.) This argument fails for several reasons. First, Plaintiff never included these facts about Defendants Michael Thomas, Lt. Powell, and Lt. Farrow in his third amended complaint. (See doc. no. 16.) Instead, Plaintiff

---

[2] As no Defendant has yet filed an answer, an operative scheduling notice has not yet been issued.

3

only alleged that Defendant Karen Thomas observed his injuries but did not investigate them, (id. at 3), and he never alleged she failed to request immediate medical assistance as he now does in his objections, (doc. no. 22, p. 1). While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to a Report and Recommendation, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court chooses not to consider Plaintiff's new factual claims and legal argument here because Plaintiff had more than enough time to develop the record.

But even if the Court did consider the information, it does not change the conclusion that Plaintiff fails to state a medical deliberate indifference claim against these Defendants. Plaintiff's allegations are too vague to establish any of these Defendants had the requisite subjective awareness that their conduct posed a substantial risk of serious harm to Plaintiff. For example, he notably fails to allege any detail about when Defendants viewed his injuries or how serious his injuries were when these Defendants first observed them. Therefore, Plaintiff's objections about the medical deliberate indifference claim also fail.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Defendants Taylor, Harper, Baker, Triplett, Cox, Kaufold, Eller, Powell, and Farrow for failure to state a claim upon which relief may be granted. The Court further **DISMISSES** all official capacity claims for monetary damages. Finally, the Court **DISMISSES** Plaintiff's claims for medical deliberate indifference, prison policy violations, and due process violations, as well as all of

4

his state law claims, against Defendants Karen Thomas and Michael Thomas. The case shall proceed against Defendants Karen Thomas and Michael Thomas as described in the Magistrate Judge's May 15, 2026 Order. (Doc. no. 21.)

SO ORDERED this __25 Th__ day of June, 2026, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE